**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

SHIRLEY G. BERNARD; and ROBERT
N. BERNARD,

        Plaintiffs,

v.                                      Case No. 6:13-cv-1044-Orl-37TBS

WACHOVIA MORTGAGE
CORPORATION; and WELLS FARGO
BANK, N.A.,

        Defendants.

**ORDER**

This cause is before the Court on Defendant's Motion to Dismiss Verified Complaint with Prejudice (Doc. 8), filed July 17, 2013. Upon consideration, the Court hereby grants Defendant's motion in part.

Plaintiffs, proceeding *pro se*, filed the instant single-count Complaint on April 19, 2013. (Doc. 2.) It alleges that Defendant fraudulently induced Plaintiffs into signing a mortgage on their home. (*Id.* at 2–5.) The allegedly fraudulent mortgage is attached to the Complaint and was signed on July 9, 2007. (*Id.* at 23.)

Defendant now moves to dismiss the Complaint, arguing that it is time-barred and that it fails to state a claim. (Doc. 8.) The time for a response has passed and nothing has been filed. Therefore, the Court considers the motion unopposed.[1] Nevertheless, even if Plaintiffs responded to the motion, it would not change the Court's

---

[1] Weeks after a response was due, Plaintiffs ultimately filed a motion to amend their complaint (Doc. 15), which Magistrate Judge Smith denied for lack of particularity (Doc. 18). Nonetheless, this Court will grant Plaintiffs leave to amend out of an abundance of caution given their *pro se* status, as detailed below.

consideration.

The Complaint appears to be a standard form taken from the Internet. It does not meet the heightened pleading standard required by Federal Rule of Civil Procedure 9(b) because it does not include the particulars—that is, the who, what, when,[2] where, and how of the alleged fraud. *See Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006) (explaining that the allegations must contain the "first paragraph of any newspaper story" (citations and internal quotation marks omitted)); *see also Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380–81 (11th Cir. 1997) (noting that plaintiffs are required to plead: (1) which statements were made in which documents; (2) the time, place, and speaker of each statement; (3) the content of each statement and how it misled the plaintiff; and (4) what the defendants obtained due to the fraud). Plaintiffs' broad allegations that they were simply "induced" into signing the mortgage are therefore insufficient. (*See* Doc. 2, ¶¶ 12–19.)

The Complaint is thus due to be dismissed. However, as Plaintiffs are *pro se*, the Court will give them an opportunity to amend their pleading. Nevertheless, the Court reminds Plaintiffs that they, like all litigants, are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Motion to Dismiss Verified Complaint with Prejudice (Doc. 8)

---

[2] Furthermore, Florida's statute of limitations provides that a "legal or equitable action founded on fraud" must be commenced within four years of the time that the facts giving rise to the cause of action were or should have been discovered. Fla. Stat. §§ 95.11(3)(j), 95.031(2)(a). If Plaintiffs choose to file an amended complaint, they should plead the date on which they discovered the alleged fraud so that the Court can adequately determine whether this action is time-barred.

        is **GRANTED** in part.

2. Plaintiffs' Verified Complaint (Doc. 2) is **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiffs have leave to file an amended complaint consistent with the directives in this Order on or before Tuesday, **September 17, 2013**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 28, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

*Pro Se* Parties