**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

SHIRLEY G. BERNARD; and ROBERT
N. BERNARD,

      Plaintiffs,

v.                                    Case No. 6:13-cv-1044-Orl-37TBS

WACHOVIA MORTGAGE
CORPORATION; and WELLS FARGO
BANK, N.A.,

      Defendants.

## ORDER

This cause is before the Court on the following:

1. Plaintiffs' Amended Verified Complaint (Doc. 20), filed September 13, 2013; and

2. Defendant's Motion to Dismiss Amended Verified Complaint with Prejudice and Incorporated Memorandum of Law (Doc. 23), filed September 27, 2013.

Upon consideration, the Court finds that Defendant's motion is due to be granted.

## BACKGROUND

Plaintiffs, proceeding *pro se*, filed this suit on April 19, 2013, claiming that Defendants fraudulently induced them into signing a mortgage on their home. (Doc. 2.) The allegedly fraudulent mortgage was signed on July 9, 2007. (*Id.* at 23.)

Defendant Wells Fargo moved to dismiss the initial Complaint. (Doc. 8.) Plaintiffs failed to timely respond. The Court dismissed the Complaint without prejudice, finding that it did not satisfy the heightened pleading standard for fraud. (Doc. 19.)

Plaintiffs then filed the Amended Complaint, which is largely unchanged from their previous pleading.[1] (Doc. 20.) Defendant now moves to dismiss this Amended Complaint for the same reasons it complained of the first time. (Doc. 23.) The response period has lapsed and Plaintiffs have again failed to respond. Therefore, the Court considers the motion unopposed. Nevertheless, even if Plaintiffs responded to the motion, it would not change the Court's consideration.

## STANDARDS

A plaintiff must plead "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). On a motion to dismiss, the Court limits its consideration to "the well-pleaded factual allegations." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this plausibility determination, the Court must accept the factual allegations as true; however, this "tenet . . . is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers mere "labels and conclusions" is therefore insufficient. *Twombly*, 550 U.S. at 555.

This simple pleading standard is altered, however, where a complaint contains allegations of fraud; in that case, the heightened pleading standard requires the plaintiff to aver the circumstances of the fraud with particularity. Fed. R. Civ. P. 9(b). This requirement is satisfied by setting forth: (1) which statements were made in which documents; (2) the time, place, and speaker of each statement; (3) the content of each statement and how it misled the plaintiff; and (4) what the defendant obtained due to the

---

[1] Plaintiffs subsequently filed a Second Amended Complaint, seemingly to fix scrivener's errors, without leave of court. (Doc. 21.) That pleading was consequently stricken, so the Amended Complaint is operative. (Doc. 27.)

fraud. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380–81 (11th Cir. 1997). More simply stated, the allegations must contain the "first paragraph of any newspaper story"—that is, the who, what, when, where, and how of the alleged fraud. *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006) (citations and internal quotation marks omitted).

## DISCUSSION

Plaintiffs' Amended Complaint adds nothing substantive to bring their claim within the strictures of Rule 9. The Amended Complaint is virtually identical to the initial deficient complaint. Plaintiffs still have not stated who or what induced them into signing the allegedly fraudulent mortgage.

Further, the thrust of Plaintiffs' contentions—despite being labeled fraudulent inducement—actually appears to be that Defendant did not loan Plaintiffs its own money. (*See* Doc. 20, ¶¶ 21–22.) This "true lender" theory is common of such canned Internet complaints and has been found to be frivolous. *See, e.g.*, *Sovereign v. Deutsche Bank*, 856 F. Supp. 2d 1203, 1211 (D. Or. 2012) ("The Court remains unaware of any case, statute, or regulation that requires a party to a mortgage transaction to be the entity from which the funds for the loan originate in order for that party to be designated the lender in the mortgage document."); *Ponder v. Bank of N.Y. Mellon*, No. 5:10-cv-144 (CAR), 2010 WL 2950681, at *1 (M.D. Ga. July 21, 2010) (dismissing a similar claim with prejudice).

Finally, to the extent that Plaintiffs seek to state a quiet title claim, they have not made that out, either. (*See* Doc. 20, ¶ 6.) In fact, the attachments to their complaint show that they signed a mortgage contract with Wachovia, which then validly assigned the loan to its successor, Wells Fargo. (*Id.* at pp. 2, 16, 19.) This does not plausibly

establish a cloud on the title.

Plaintiffs have already had two tries to state a claim. Their lack of substantive amendment to the initial complaint and their continued failures to respond to Defendant's motions demonstrate that granting them leave to file a second amended complaint would be futile. Therefore, Defendant's unopposed motion is due to be granted and the Amended Complaint is due to be dismissed with prejudice.[2]

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Motion to Dismiss Amended Verified Complaint with Prejudice and Incorporated Memorandum of Law (Doc. 23) is **GRANTED**.

2. Plaintiffs' Amended Verified Complaint (Doc. 20) is **DISMISSED WITH PREJUDICE**.

3. The Clerk is **DIRECTED** to close this case. All pending motions are **DENIED AS MOOT** and all existing deadlines are **VACATED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 21, 2013.

*[signature]*

ROY B. DALTON JR.
United States District Judge

---

[2] Defendant insists that this action is barred by the statute of limitations. (Doc. 23, p. 3.) It is true that a "legal or equitable action founded on fraud" must be commenced within four years of the time that the facts giving rise to the cause of action were or should have been discovered. Fla. Stat. §§ 95.11(3)(j), 95.031(2)(a). However, as Plaintiffs do not plead when they discovered the alleged fraud, the Court cannot say with certainty that the Amended Complaint is time-barred on its face; Plaintiffs technically could have discovered the alleged fraud long after signing the mortgage, within the limitations period.

Copies:

Counsel of Record

*Pro Se* Parties